(906 P.2d 184)
No. 73,643

FRANK L. CRUTCHFIELD, *Appellant*, v. ROBERT D. HANNIGAN,
*et al.*, *Appellees.*

Opinion filed December 1, 1995.

*Frank L. Crutchfield*, appellant pro se.

*Mary Ann Shirley*, administrative attorney, of Hutchinson Correctional Facility, for appellee.

Before ELLIOTT, P.J., MARQUARDT, J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J.: Frank L. Crutchfield, an inmate at the Hutchinson Correctional Facility, appeals the denial of his K.S.A. 60-1501

petition claiming that prison authorities violated his Fourth Amendment rights in collecting a urine sample from him and that he was denied due process in the prison disciplinary hearing, which resulted in his loss of 9 months of good time credit, a $40 fine, 66 days of disciplinary segregation, and 90 days of restriction from privileges. The district court, after considering the policies and procedures followed in the disciplinary proceedings, dismissed his petition as frivolous.

The basic facts of the case are not in dispute and are as follows: On April 11, 1994, Crutchfield was subjected to a urinalysis test and tested positive for use of stimulants. The following day, he pled no contest to the use of stimulants in violation of K.A.R. 44-12-312. On July 29, 1994, he again tested positive and was charged with another violation. Crutchfield pled not guilty but was found guilty of the charge after a disciplinary hearing on August 18, 1994. He appealed the decision to the Secretary of Corrections, who determined that the evidence supported the hearing officer's determination.

Crutchfield then filed a pro se K.S.A. 60-1501 petition in district court. He alleged that the urine immunoassay test used by the Department of Corrections (DOC) is unreliable and frequently renders false positive results and that the use of the immunoassay test instead of the more accurate mass-spectroscopy test denied him due process. He further claimed that he was denied due process because there was no chain of custody established as to the urine sample offered at the hearing, the sample was sealed with identification tape rather than evidence tape, the sample cup was not new or sealed prior to the collection of the sample, and the disciplinary administrator was biased and denied him documentary evidence at the hearing. As to the Fourth Amendment claim, the petition alleged that the collection of the urine sample was an unreasonable seizure designed to harass him, that the sample was collected in a manner degrading to him, and that collection of the sample served no legitimate state interest.

We hold that Crutchfield's claim of a violation of his Fourth Amendment rights is without merit. We agree that a urinalysis constitutes a search for purposes of the Fourth Amendment and,

therefore, must be reasonable. See *Spence v. Farrier*, 807 F.2d 753, 755 (8th Cir. 1986). In determining whether a search of a prisoner are reasonable, the privacy interests of the prisoner are limited by the security interests of the penal institution. *Bell v. Wolfish*, 441 U.S. 520, 560, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979). In *Gray v. Nelson*, 20 Kan. App. 2d 900, Syl. ¶ 1, 893 P.2d 842 (1995), this court held that the maintenance and administration of penal institutions are executive functions and, before courts will interfere, the institutional treatment must be of such a nature as to clearly infringe upon constitutional rights, be of such a character or consequence as to shock the general conscience, or be intolerable to fundamental fairness. To avoid summary dismissal of a K.S.A. 60-1501 petition, allegations must be made of shocking and intolerable conduct or continuing mistreatment of a constitutional nature. It has been held that random urine testing of prisoners for drugs is reasonable and does not violate the Fourth Amendment. *Forbes v. Trigg*, 976 F.2d 308, 313 (7th Cir.), *cert. denied* 122 L. Ed. 2d 741 (1992). We hold, without equivocation, that the Fourth Amendment does not prohibit Kansas prison authorities from randomly testing inmates for drugs through urinalysis and, therefore, Crutchfield's claim of a violation of his Fourth Amendment rights for that reason is not sustained in this case.

We now turn to petitioner's complaints that he was denied due process rights in the drug testing administered, the disciplinary hearing procedures, and the use of the Roche Abuscreen On-Trak drug tests. At the outset, it must be noted that the DOC has adopted a mandatory internal policy and procedure for the taking and testing of inmates for drug use. This is set forth in its Internal Management Policy and Procedure (IMPP) § 12-124. K.A.R. 44-13-101 generally describes the disciplinary process and authorizes the warden to establish procedures in accordance with the regulations. The regulation requires that inmates are entitled to receive advance written notice of the charge against them, to receive a fair hearing by an impartial hearing officer, to be present at the hearing, to present documentary evidence, to have witnesses called on the inmate's behalf, to testify on the inmate's own behalf, to confront and cross-examine witnesses, and to be represented by counsel in

certain serious cases. The record in this case clearly shows that the DOC's rules were followed in this case.

Crutchfield complains that the urinalysis was improper because the immunoassay form of drug testing was flawed and not a reasonable basis for the finding of guilt. The record shows that the drug test screening was conducted pursuant to the procedure required by IMPP § 12-124, under which urine samples are tested with the Roche Abuscreen On-Trak drug detection system. If an inmate's sample produces a positive result, a second test is taken from the same sample by a different operator to confirm the positive test result. Courts considering similar urinalysis test results in prison drug surveillance cases have consistently found the test results sufficiently reliable to satisfy constitutional standards and that the immunoassay form of drug testing used in this case is reliable. See, *e.g.*, *Adkins v. Martin*, 699 F. Supp. 1510, 1513 (W.D. Okla. 1988). Clearly, the use of that test in this case did not violate Crutchfield's right to due process.

On the basis of the record before us in this case, we hold that Crutchfield's claims that the prison authorities violated his Fourth Amendment rights and that he was denied due process cannot be sustained and that the district court did not err in dismissing his K.S.A. 60-1501 petition.

The judgment of the district court is affirmed.